**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4251**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON EDWARD CROWFFEY, JR.,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (CR-04-372)

─────────

Submitted: April 26, 2006            Decided: May 26, 2006

─────────

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vernon Edward Crowffey, Jr. appeals his conviction following his guilty plea for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Crowffey reserved the right to appeal the district court's denial of his motion to suppress. Finding no error, we affirm.

This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Crowffey asserts the affidavit underlying the search of his home failed to establish probable cause. The search warrant, which was issued on July 16, 2004, was based on his purchase of ammunition fifty-four days earlier, on May 24, 2004. Crowffey contends it was not reasonable to conclude, based on evidence of a single purchase of ammunition nearly two months earlier, that it was likely the police would find a firearm matching that ammunition, or the ammunition itself, in the residence of the person who made the alleged purchase.

"The vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the

facts supplied and the issuance of the affidavit." United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984) (citation omitted). Rather, the court must examine all relevant facts and circumstances, including "the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." Id. (citation omitted).

Here, the affidavit also detailed Crowffey's extensive criminal history. Moreover, the nature of the property sought also supported a finding of probable cause. The search warrant authorized task force officers to look for books, records, receipts, notes and any other papers pertaining to the purchase or possession of firearms and ammunition; firearms and ammunition; and/or firearms and ammunition-related paraphernalia. Findings of staleness become less appropriate when the instrumentalities of the alleged illegality tend to be retained. See United States v. Farmer, 370 F.3d 435, 439-40 (4th Cir.), cert. denied, 543 U.S. 1022 (2004). In light of Crowffey's extensive criminal history, it was reasonable to assume that, even if the ammunition had been used or given away, the firearm for which the ammunition was purchased remained in Crowffey's home. See United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988) (reasonable to assume individuals keep weapons in their homes).

Even if the warrant was defective, we conclude the evidence obtained was nevertheless admissible under the good faith

exception to the exclusionary rule.  <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897, 922-23 (1984).  We therefore find the district court correctly denied Crowffey's motion to suppress and affirm Crowffey's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>